CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC SHAVONN SAYERS, | ) | CASE NO. 7:12CV00009 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| LT. JANINE PATRICK, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Eric Sayers, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Sayers alleges that he has been wrongfully confined longer than authorized by his criminal sentence. He sues the Southwestern Virginia Regional Jail, a jail official, and the Virginia Department of Corrections (VDOC) for monetary and injunctive relief. Upon review of the record, the court finds that the complaint must be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and summarily dismissed without prejudice.[1]

I

Sayers' brief complaint states as follows:

On 10-6-10 at approximately 16:30 the jail booked me in under a temp [sic] hold until 2-7-11, with no charges. However was booked in on a Capias Warrant that was dismissed before the 2-7-11 date. On 2-7-11 the plaintiff was given jail credits from 10-6-11 through 2-7-11 (121 days) by the Honorable C. Rand[a]ll Lowe, as part of sentence that was 6 months and credit for all time served. On 9-20-11 [plaintiff] was held by the S.W.V.R.J.A. from that time on to the present date, which is well over 6 months. [Plaintiff] has not been able to communicate with his family.

(Complaint at 1.) As relief, Sayers states that he seeks "[t]o have Lt. Patrick rel[ie]ved of her duty" and to receive compensatory and punitive damages.

---

[1] Rule 4 of the Rules Governing § 2254 cases authorizes this court to summarily dismiss a habeas corpus action if it is clear from the face of the pleading that petitioner is not entitled to relief.

## II

A district court is not constrained by a litigant's style of pleading or request for relief and may liberally construe a civil rights complaint as a habeas petition, pursuant to § 2254. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). To determine whether an action is properly considered a civil rights complaint under § 1983 or a habeas corpus petition requiring exhaustion of state court remedies pursuant to § 2254(b), a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint concerns the fact or length of confinement, then the proceeding is in habeas.

While Sayers' pleading does not make a clear statement of the specific claims he seeks to bring in this court, the one clear complaint he makes is that authorities have detained him in jail for a longer period of time than authorized by any criminal judgment against him. Claims contesting the length of Sayers' current confinement in the Virginia prison system are not cognizable under § 1983.[2] Preiser, supra. Therefore, the court concludes that Sayers' claims are appropriately construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Provided that a newly construed § 2254 petition meets the threshold requirements for habeas actions under this section, the court can address its claims on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the

---

[2] Moreover, in this petition/complaint, Salyers fails to state sufficient, specific facts supporting his assertion that officials held him past the expiration of the criminal sentence(s) courts had imposed on him. For example, he does not provide any details whatsoever about the criminal proceedings, the court in which they occurred, or the nature of the case that was still pending before Judge Lowe at the time he filed the petition. As the plaintiff/petitioner, Salyers bears the burden of proof of his claims by a preponderance of the evidence, a burden he has not carried in this pleading. See Garlotte v. Fordice, 515 U.S. 39, 46 (1995).

state in which petitioner was convicted. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. Id. at 847. In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the § 2254 petition without prejudice to allow him to return to state court. Slayton v. Smith, 404 U.S. 53 (1971).

Sayers does not state any facts suggesting that he has raised any state court challenge to the duration of his confinement by state jail authorities. Accordingly, Sayers fails to demonstrate that he has exhausted his state court remedies so that this court could address on the merits his claims alleging his wrongful confinement. The court will dismiss all such claims without prejudice, to allow Sayers to bring a state court challenge concerning the execution of his criminal sentence. Slayton, supra.

### III

Sayers' claims for monetary damages against the jail, any jail official, or the VDOC for wrongfully detaining him are likely not actionable until he achieves a ruling in his favor on the underlying claim that the length of his detention is unlawful. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Even if Sayers could prove otherwise, his allegations fail to state any actionable claims against the defendants he names here.

First, Sayers does not allege any specific facts concerning actions that Lt. Patrick took in violation of his constitutional rights.[3] See West v. Atkins, 487 U.S. 42 (1988) (noting that to state § 1983 claim, plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct

---

[3] Sayers' demand that Lt. Patrick be relieved of her official duties is not a form of relief available under § 2254 or § 1983.

committed by a person acting under color of state law).  Because Sayers does not identify any respect in which Lt. Patrick's actions violated his rights, he states no claim under § 1983 against this individual.  The court will dismiss without prejudice all claims against this defendant under 28 U.S.C. § 1915A(b)(1).[4]

Second, the other defendants Sayers names–the jail and the VDOC–are not subject to suit under § 1983.  The jail is not a "person" and is not amenable to suit under § 1983.  See, e.g., Preval v. Reno, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Similarly, the VDOC as an agency of the Commonwealth of Virginia is not a person for purposes of § 1983.  Will, 491 U.S. at 71.  Therefore, the court summarily dismisses all claims against the jail and the VDOC as legally frivolous, pursuant to § 1915A(b)(1).

IV.

For the reasons stated, the court dismisses Sayers's complaint without prejudice.  His claims that he is wrongfully confined are appropriately construed as habeas corpus claims under § 2254, and dismissed for failure to exhaust state court remedies.  His claims for damages under § 1983 are separately dismissed without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim or as legally frivolous.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of January, 2012.

/s/ James C. Turk
Senior United States District Judge

---

[4] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."